UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ACSTAR INSURANCE COMPANY, ) ) ) Plaintiff, ) v. ) PILGRIM INTERIORS, INC. and ) RICHARD J. BERNARD JR., ) ) Defendants. ) | Case No. 19-cv-12494-MGM |

REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT AGAINST DEFENDANTS
(Dkt. No. 39)

I.   Background

Plaintiff Acstar Insurance Company ("Plaintiff") commenced this action by a complaint filed on December 11, 2019, asserting claims of contractual and common law indemnity and *quia timet* and exoneration (Dkt. No. 1) against defendants Pilgrim Interiors, Inc. ("Pilgrim") and Robert J. Bernard, Jr. (collectively, "Defendants"). Plaintiff is in the business, among other things, of issuing surety bonds on behalf of contractors to secure the contractors' financial and performance obligations on construction projects. Pilgrim was in the business of construction contracting. In summary, the complaint alleges that Plaintiff issued performance and payment bonds insuring Pilgrim's performance and its payments to subcontractors and suppliers. Defendants agreed to indemnify Plaintiff against performance and payment claims on the bonds Plaintiff issued. Certain obligees on the bonds alleged that Pilgrim abandoned their work and/or failed to provide an adequate workforce to complete the projects. Unpaid subcontractors and suppliers have made demands on Plaintiff for payments not made by Pilgrim. Plaintiff investigated those claims and was damaged by meeting its obligations under the bonds and

1

incurring fees and costs in prosecuting or defending this and other actions (Compl. at ¶¶ 6-10, 34, 35-37). Default entered against Defendants on February 25, 2020 (Dkt. No. 9). Thereafter, Plaintiff sought a series of extensions of the deadline set by the court for Plaintiff to file its motion for a default judgment on the ground that it could not yet determine the full extent of its losses (Dkt. Nos. 12, 14, 17, 19, 21, 23-27, 31-34, 36-38). Plaintiff filed its motion for a default judgment on April 26, 2023 (Dkt. Nos. 39-40). The presiding District Judge referred the motion to me for report and recommendation (Dkt. No. 41). For the reasons set forth below, I recommend that Plaintiff's motion for entry of default judgment be denied without prejudice and that the court set a deadline in short order for Plaintiff to file a revised motion for entry of a default judgment.

  II.  <u>Analysis and Recommendation</u>

Fed. R. Civ. P. 55, governing default judgments, provides, in pertinent part, as follows:

> (b) ENTERING A DEFAULT JUDGMENT
>  (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>  (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. … If the party against whom a default judgment is sought has appeared …, that party … must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals … when, to enter or effectuate judgment, it needs to:
>   (A) conduct an accounting;
>   (B) determine the amount of damages;
>   (C) establish the truth of any allegation by evidence; or
>   (D) investigate any other matter.

Fed. R. Civ. P. 55(b)(1) & (2). A court is not required to hold an evidentiary hearing when the measure of damages claimed is capable of being ascertained from definite figures contained in documentary evidence or a detailed affidavit or affidavits. *See KPS & Assocs., Inc. v. Designs*

2

*by FMC, Inc.*, 318 F.3d 1, 21 (1st Cir. 2003) (citing *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). Plaintiffs have not specified whether they seek to proceed under Fed. R. Civ. P 55(b)(1) or 55(b)(2). The *only* information Plaintiffs have provided to support their request for a judgment $976,673.49 (exclusive of interest, which they also seek (Dkt. No. 39-3)), is the following bald statement in an affidavit signed by Plaintiff's Vice President and General Counsel:

"Losses

| | |
|---|---|
| LS/Black/Loeffel Joint Venture | $725,000.00 |
| Structural Associates, Inc. | $204,344.44 |
| Legal Fees and Expenses | $47,329.05 |
| TOTAL: | $976,673.49" |

(Dkt. No. 39-1 at 2).

Defendants have not challenged Plaintiff's representations about their indemnity obligations, nor have they challenged the loss amount stated by Plaintiff. However, "[a]lthough upon default the factual allegations of a complaint relating to liability are taken as true, those allegations relating to the amount of damages suffered ordinarily are not." *Dundee Cement Co. Howard Pipe & Concrete Prods, Inc.*, 722 F.2d 1319. 1323 (7th Cir. 1983) (quoted with approval in *KPS & Assocs.*, 318 F.3d at 21). In the instant case, in any event, there is not any allegation about the measure of damages in the complaint because the extent of Plaintiff's losses was not established at the time of filing. "A judgment on default may not be entered without a hearing on damages unless … the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* In the court's view, a hearing on damages should not be necessary in this case because the measure of

damages should be capable of ascertainment by the court from a detailed and comprehensive affidavit (or affidavits) supported by relevant documentary evidence.  Where Plaintiff has not furnished the court with the evidence to support its claim for a default judgment exceeding $1 million (including interest), I recommend that Plaintiff's motion for entry of a default judgment be denied without prejudice and that Plaintiff be directed to renew its request for a default judgment by a date certain by a motion properly supported by affidavit and copies of relevant documents – including with respect to attorney's fees – in compliance with the First Circuit's requirements as set forth in the *KPS Assocs.* case.

### III. Conclusion

For the foregoing reasons, I recommend that the court deny without prejudice Plaintiffs' motion for entry of a default judgment (Dkt. No. 39) and direct Plaintiff to renew its request for entry of a default judgment by a properly supported motion to be filed by a date certain.[1]

Dated: September 18, 2023                                           Katherine A. Robertson
                                                                                             KATHERINE A. ROBERTSON
                                                                                             U.S. MAGISTRATE JUDGE

---

[1] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.