UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ACSTAR INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 19-cv-12494-MGM |
| PILGRIM INTERIORS, INC., and RICHARD J. BERNARD, JR., | ) ) ) ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S RENEWED MOTION
FOR ENTRY OF DEFAULT JUDGMENT
(Dkt. No. 43)

I.      Background

Plaintiff Acstar Insurance Company ("Plaintiff"), commenced this action by a complaint filed on December 11, 2019, asserting state law claims against both defendants for contractual indemnity as to losses and collateral and common law indemnity, and quia tamet /exoneration against Pilgrim Interiors, Inc. only.  In summary, the complaint alleges that Plaintiff is in the business of issuing surety bonds on behalf of contractors to secure their obligations on construction projects.  Defendants executed a general agreement of indemnity in favor of Plaintiff, and Plaintiff issued various performance and payment bonds on behalf of defendant Pilgrim Interiors, Inc. ("Pilgrim").  Various obligees on the bonds subsequently claimed that Pilgrim abandoned its work or failed to provide adequate manpower to complete projects.  These obligees made claims on the bond, and, after investigating, Plaintiff made payments on the bond. Plaintiff seeks indemnification from Defendants for its payments on the bonds, attorney's fees and costs, and interest.  Neither of the defendants filed an answer to the complaint or otherwise defended against Plaintiff's claims.  The Clerk's Office entered defaults as to both defendants on

February 25, 2020 and mailed copies of the entry of default to Defendants (Dkt. Nos. 9, 10). On April 26, 2023, after investigating the various claims on the bond it issued on behalf of Pilgrim, Plaintiff filed a motion for default judgment (Dkt. No. 39). On September 18, 2023, the undersigned recommended denial without prejudice of the motion for default judgment on the ground that Plaintiff had not supported its motion for default judgment in compliance with the requirements of Fed. R. Civ. P. 55 (Dkt. No. 42) and First Circuit case law. Now before the court is Plaintiff's September 29, 2023 Renewed Motion for Entry of Default Judgment, filed with relevant supporting documents and detailed affidavits (Dkt. Nos. 43 through 43-11). The court referred Plaintiff's renewed motion to me for report and recommendation (Dkt. No. 45).

    II.    <u>Analysis and Recommendation</u>

Fed. R. Civ. P. 55, governing default judgments, provides, in pertinent part, as follows:

> (b)    ENTERING A DEFAULT JUDGMENT
>     (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>     (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. … If the party against whom a default judgment is sought has appeared …, that party … must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals … when, to enter or effectuate judgment, it needs to:
>         (A) conduct an accounting;
>         (B) determine the amount of damages;
>         (C) establish the truth of any allegation by evidence; or
>         (D) investigate any other matter.

Fed. R. Civ. P. 55(b)(1) & (2). A court is not required to hold an evidentiary hearing when the measure of damages claimed is capable of being ascertained from definite figures contained in documentary evidence or a detailed affidavit or affidavits. *See KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 21 (1st Cir. 2003) (citing *Action S.A. v. Marc Rich & Co., Inc.*, 951

F.2d 504, 508 (2d Cir. 1991); *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Plaintiff has specified that it seeks to proceed under Fed. R. Civ. P 55(b)(1) and represents that Plaintiff's claims are for a sum certain (Dkt. No. 43 at 2, ¶ 8). Based on a review of Plaintiff's comprehensive filings, this is not a case in which the court is required to hold an evidentiary hearing. Plaintiff's motion for damages on default is supported by a detailed and comprehensive affidavit describing the indemnification agreement between Plaintiff and Defendants, along with documents supporting the payments Plaintiff made on the bonds it issued on behalf of Pilgrim (Dkt. No. 43-1 at 3-6, ¶¶ 7-25). The contents of the affidavit are consistent with, and supported by the attachments, including the indemnity agreement, performance bond, and evidence of Plaintiff's payments on the bond (Dkt. Nos. 43-2 through 43-8). Plaintiff's claims are for a sum certain, and the amount of that sum is derived from documentary evidence and detailed affidavits.

Although they have had notice and ample time to do so, Defendants have not challenged Plaintiff's representations about the indemnity agreement, performance bond, or Plaintiff's computation of the amount owed. There are no disputes to resolve concerning the damages to which Plaintiff is entitled following the defendants' default. *Contrast KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d at 20 (the court could not rely on the pleadings to establish the measure of damages on default where the parties "vigorously dispute the issue of damages.").

III.  Conclusion

For the foregoing reasons, I recommend that the court GRANT Plaintiff's motion for entry of default judgments against the defendants (Dkt. No.26) and direct that the Clerk's Office

endorse the Judgment by Default submitted by Plaintiff at docket number 43-11 (with the interest calculated through the date of issuance).[1]

Dated: December 27, 2023

                                            Katherine A. Robertson
                                            KATHERINE A. ROBERTSON
                                            U.S. MAGISTRATE JUDGE

---

[1] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.